IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL ARTHUR LOPEZ,

    Petitioner,

v.                                                                                                     Civ. No. 09-218 JB/RLP

STATE OF NEW MEXICO, *et al.*,

    Respondents.

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. After a jury trial, Mr. Lopez was found guilty of one count of aggravated burglary with a deadly weapon; possession of burglary tools; and larceny (over $500 but less than $2,500). Because he was found to be an habitual offender, his sentence was enhanced by 12 years, for a total sentence of 24 years' imprisonment followed by two years of parole. *See* Judgment, Sentence and Commitment, Answer [Doc. 21], Exhibit A thereto.

    2.    Mr. Lopez appealed his conviction and the New Mexico Court of Appeals (COA) affirmed his conviction. Exhibit K. He then sought certiorari and the New Mexico Supreme Court denied the writ. Exhibits N & O. Respondents concede exhaustion and the timeliness of the filing of the petition in federal court.

    3.    Mr. Lopez raises four claims for review: (i) denial of due process; (ii) denial of equal protection; (iii) Sixth Amendment violation; and (iv) a ruling that New Mexico Rule

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

of Criminal Procedure 5-104 be declared unconstitutional as void for vagueness "as applied."

4.  Pursuant to § 2254, a federal court may not grant a habeas petition with respect to any claim adjudicated on the merits in a state court proceeding unless the state court decision involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. § 2254(d). A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law . . . ." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

5.  Because all of Mr. Lopez's claims involve pretrial and trial procedure and not the facts of his underlying crime, the Court discusses the facts as given in the COA Notice of Proposed Summary Disposition.

> Defendant was taken into custody on March 19, 2007, and made his initial appearance before the metropolitan court on March 20, 2007. Under the rules governing the metropolitan court, that court was to hold a preliminary examination no later than ten days following Defendant's initial appearance if Defendant was in custody. . . .
>
> Assuming that Defendant was in custody, under Rule 7-202(D) and Rule 7, 104(A) NMRA regarding the computation of time, the metropolitan court should have held a preliminary examination by April 3, 2007. No such hearing was ever held, however, and on March 27, 2007, the district court (as opposed to the metropolitan court) entered an Order of Enlargement of Time. That order stated that the State was granted until April 4, 2007, to present Defendant's case to a grand jury. The State presented the case to the grand jury on April 4, 2007 and Defendant was indicted.
>
> In the district court, Defendant filed several motions to dismiss the indictment based on the fact that it had not been filed within the ten-day time limit for a preliminary examination under Rule

> 5-302(D) NMRA.  The State responded and the district court denied the motion to dismiss.

Exhibit I at 3-4 (citations to the Record Proper omitted).

6. Mr. Lopez argues that the trial court's failure to grant his motion to dismiss the indictment violated his equal protection rights and the failure of the court to hold the preliminary hearing within the 10-day limit violated his right to due process.  In addressing these issues, the COA stated:

> We propose to conclude that the procedures described by Defendant in his docketing statement did not violate Defendant's constitutional rights to procedural due process. None of Defendant's statutory rights regarding procedure were violated, and Defendant does not allege that the grand jury indictment was itself procedurally improper. . . . Defendant has not demonstrated that he was prejudiced by an indictment that occurred one day after the time that he would have been entitled to a preliminary examination.

Exhibit I at 6.

7. In *Silva v. Cox*, 351 F.2d 61 (10th Cir. 1965), *cert. denied*, 383 U.S. 919 (1966), the court noted that the

> right to a preliminary hearing in the State of New Mexico is one guaranteed by the state constitution and only becomes a Federal Constitutional guarantee by the equal protection clause of the Fourteenth Amendment because it is a part of the due process of the state.  As a general rule, the interpretation of state constitutions and state laws is a matter left to the state courts. . . . [T]he Federal Courts must accept such state court interpretation unless it be inconsistent with the fundamental principles of liberty and justice.

*Id*. at 64.

Moreover, the court stated, the "'denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice.'" *Id*. at 65 (quoting *Lisenba*

*v. California*, 314 U.S. 219, 236 (1941). The court concluded that the defendant was neither denied due process nor prejudiced from the procedural defects. *Id.*

8.	The New Mexico COA found that Mr. Lopez's due process rights were not violated and that he had suffered no prejudice. This court is bound by that court's reading of its own laws and constitution absent fundamental unfairness. Mr. Lopez has failed to make a showing of fundamental unfairness, or prejudice for that matter.

9.	Mr. Lopez also asserts that New Mexico's Rule of Criminal Procedure 5-104 be declared unconstitutionally vague as applied. The Rule provides in pertinent part that any time limit provided for in the rules may be enlarged, in the court's discretion, "with or without motion or notice . . . ." Rule 5-104(B)(1). The COA stated:

> Even assuming that a void-for-vagueness challenge applies to a rule such as this, which does not purport to prohibit certain actions and whose violation would not result in a deprivation of Defendant's liberty interests, we need not decide this issue since, as we discussed earlier in this notice, there was no extension of time in this case that had any effect on Defendant's indictment.

Exhibit I at 7.

10.	This Court agrees with the COA that the lack of definition of "for good cause shown" does not render the Rule void for vagueness.[2] In any event, unless fundamental unfairness is shown, this Court is bound by the New Mexico court's interpretation of its own rules. *Silva*, *supra*. Mr. Lopez raises no issue of fundamental unfairness.

---

[2] "[T] the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). I agree with the COA that this doctrine does not apply to the language in the Rule in question.

4

11.     Finally, Mr. Lopez argues that the trial judge so severely shortened his time to review the jurors' questionnaires that he was denied his right to a fair trial by an impartial jury.  As stated by the COA:

> Defendant contends that he was prejudiced when he was only permitted twenty minutes prior to voir dire to review the forty juror questionnaires.  Prior to trial Defendant apparently moved for a continuance in order to review the questionnaires.  Although the district court did not grant Defendant the full continuance he sought, the court permitted Defendant to have twenty minutes to review the questionnaires prior to voir dire.  Defendant does not assert that he sought more time after the twenty-minute period expired or that he explained to the district court prior to trial that he had not had sufficient time to review the questionnaires.

Exhibit I at 8-9.

12.     In its Memorandum Opinion, the COA went on to say that Defendant had made no allegations that more time reviewing the questionnaires would have enabled him to uncover any juror bias.  Nor had Defendant "pointed to any answers in any particular questionnaire that would have required him to question the juror further in order to determine whether the juror was biased . . . ."  Exhibit K at 4.

13.     Voir dire is utilized to determine the jurors' impartiality.  *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981).  A trial court has discretion on the limits of voir dire, but when there is some special reason to inquire into a particular subject, trial courts must permit that subject to be probed.  *Mu'Min v. Virginia*, 500 U.S. 415, 430-31 (1991); *Ristaino v. Ross*, 424 U.S. 589, 596 (1976).

14.     In this case, Mr. Lopez points to no issue that needed further development, no special circumstances, and no evidence of juror bias.  Without such a showing, this Court agrees with the COA that "Defendant has not established that he was denied the

right to a fair and impartial jury." Exhibit K at 5.  The COA's conclusion is not contrary to established federal law as determined by the United States Supreme Court.

## RECOMMENDED DISPOSITION

I recommend that the petition for writ of habeas corpus be denied and this case be dismissed with prejudice.

                                      Richard L. Puglisi
                                      United States Magistrate Judge